Filed 3/10/15  Thomson v. Vidrio CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CASSANDRA THOMSON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SANDRA VIDRIO et al.,<br><br>        Defendants and Respondents. | A138998<br><br>(Sonoma County<br>Super. Ct. No. SCV-250565) |

In this personal injury action arising from a traffic accident, plaintiff and appellant Cassandra Thomson (plaintiff) appeals a judgment following jury trial in favor of defendants and respondents.  Plaintiff challenges (1) the jury's finding that defendant Jose Vidrio (defendant) was not negligent, and (2) the trial court's refusal to issue one of plaintiff's proposed jury instructions.  We affirm.

BACKGROUND

At trial, plaintiff testified she was driving her daughter to school when she saw flashing lights and children in a crosswalk ahead.  Plaintiff slowed and then stopped at the crosswalk.  About 10 or 15 seconds after she stopped, defendant rear ended her.[1]

Defendant testified he was driving about 30 miles per hour on a street he drives every weekday.  It was a sunny day.  He had been following plaintiff's truck for some minutes, at a distance of about 50 feet.  As he was driving, his phone, which was on the passenger seat, rang.  Defendant looked forward, saw that plaintiff's truck was

---

[1] Plaintiff's daughter similarly testified.

1

proceeding and there were no pedestrians or flashing lights in the crosswalk ahead, and then looked down at his phone to see who was calling him. Defendant initially testified that he looked down for around 5 to 10 seconds. He subsequently testified this estimate was overstated and he in fact looked down for three seconds. When he looked back up, "suddenly the white truck [plaintiff's truck] stopped." He was unable to brake in time to avoid impact.

The jury, in a special verdict, found defendant was not negligent.

DISCUSSION

I. *Negligence*

Plaintiff first challenges the jury's finding that defendant was not negligent. It was plaintiff's burden at trial to prove defendant's negligence. (Evid. Code, § 500 ["Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."].)

" 'In the case where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. . . . [¶] Thus, where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." [Citation.]' [Citation.] The appellate court cannot substitute its factual determinations for those of the trial court; it must view all factual matters most favorably to the prevailing party and in support of the judgment. [Citation.] ' "All conflicts, therefore, must be resolved in favor of the respondent." ' " (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

2

Plaintiff first argues the facts are undisputed that plaintiff came to a gradual, not a sudden, stop at the crosswalk. Plaintiff argues that, because defendant was looking at his phone when she stopped, he could not have seen whether her stop was gradual or sudden. We disagree. Defendant testified that, when he looked up from his phone, "suddenly the white truck [plaintiff's truck] stopped." The jury could infer from this testimony that defendant saw plaintiff's truck come to a sudden stop after he looked up.

The relevant facts, construed in the light most favorable to defendant, are therefore as follows. Defendant was driving 30 miles per hour on a familiar road with clear visibility, 50 feet behind plaintiff's truck. When his phone rang, he checked the road ahead and confirmed that plaintiff's truck was continuing at a steady pace and there were no pedestrians or flashing lights in the upcoming crosswalk. Defendant looked down at his phone for three seconds; when he looked up, plaintiff suddenly braked and defendant was unable to avoid impact.

Looking at a phone—and away from the road—for three seconds is not a model of distraction-free driving. However, we cannot say that this conduct, considered in the context of defendant's otherwise prudent behavior, *compels* a finding that he was negligent. Accordingly, we reject plaintiff's challenge to the jury verdict.

II. *Jury Instructions*

The jury was instructed: "A person must use reasonable care in driving a vehicle. Drivers must keep a lookout for pedestrians, obstacles, and other vehicles. They must also control the speed and movement of their vehicles. The failure to use reasonable care in driving a vehicle is negligence."

Plaintiff requested the following additional instruction: "A person must drive at a reasonable speed. Whether a particular speed is reasonable depends on the circumstances such as traffic, weather, visibility, and road conditions. Drivers must not drive so fast that they create a danger to people or property. [¶] If [plaintiff] has proved that [defendant] was not driving at a reasonable speed at the time of the accident, then [defendant] was negligent." The trial court denied the request, stating "I don't think that is what plaintiff has proved up in this case."

3

We need not decide whether the court's refusal to issue the instruction was error because plaintiff has failed to demonstrate prejudice from any error. "[W]hen deciding whether an error of instructional omission was prejudicial, the court must also evaluate (1) the state of the evidence, (2) the effect of other instructions, (3) the effect of counsel's arguments, and (4) any indications by the jury itself that it was misled." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 580–581.) The evidence that defendant was driving 30 miles per hour on a sunny day, following plaintiff's truck at a distance of 50 feet, does not lend itself to a finding that defendant's speed was unreasonable. Not surprisingly, plaintiff's counsel did not argue defendant's speed was unreasonable in closing arguments; instead, counsel argued defendant was inattentive. Finally, plaintiff has not cited to any jury notes or other indications from the jury that it thought defendant's speed was unreasonable.

## DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.